# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                   Case No. 00-06393-DHW
                                                        Chapter 13
JAMES W. HENDERSON, JR.,

    Debtor.

CURTIS C. REDING, Trustee,

    Plaintiff,                              Adv. Pro. No. 07-3018-DHW

v.

SEARS ROEBUCK & COMPANY,

    Defendant.

## ORDER DENYING MOTION TO ALTER OR AMEND DEFAULT JUDGMENT

The trustee filed a motion to alter or amend the default judgment to include an award of costs in favor of the trustee, the prevailing party. The trustee requests $485.00, the sum of the filing fees for reopening the chapter 13 case and the costs of filing this adversary proceeding.

The bankruptcy court has discretion to award costs to the prevailing party. Fed. R. Bankr. Proc. 7054(b). This rule "does not create the presumption that court costs shall be taxed." 10 Lawrence P. King, Collier on Bankruptcy ¶ 7054.05, at 7054-8 (15th ed. rev. 2007).[1] The decision lies within the sound discretion of the court.

---

[1] Fed. R. Civ. Proc. 54(d) "creates a strong presumption that the prevailing party is entitled to recover costs under Rule 54(d)." 1 James Wm. Moore et al., *Moore's Manual: Federal Practice and Procedure* § 25.61, at 25-53 (2007). However, Fed. R. Civ. Proc. 54(d) does not apply to bankruptcy proceedings. Fed. R. Bankr. Proc. 7054.

The court concludes that it would be inequitable in the circumstances to award costs to the trustee. This adversary proceeding seeks to recover money which the trustee paid to the defendant in error during the pendency of the chapter 13 case. Because the trustee's mistake necessitated this adversary proceeding, the court concludes that it would be inequitable to require the defendant to bear the costs of rectifying the trustee's error.[2]

Done this 29 day of August, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Curtis C. Reding, Trustee

---

[2] Even if the defendant had voluntarily repaid the funds before this adversary proceeding was filed, the trustee would nevertheless have incurred the fee for reopening the chapter 13 case to administer the funds.